UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM F. BERKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-00144 MTS |
| | ) | |
| SERGEANT N. TUCKER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff William F. Berkley for leave to commence this civil action without prepaying fees or costs. The Court will grant plaintiff's motion and waive the filing fee in this case. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint. Plaintiff's motion for appointment of counsel will be denied without prejudice.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not

allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff William Berkley filed the instant complaint pursuant to 42 U.S.C. § 1983 against Sergeant N. Tucker, a police officer with the City of St. John, Missouri. Plaintiff is silent as to the capacity under which he sues defendant Tucker.

Plaintiff's allegations are best understood as repeated in their entirety, as set forth in his "Statement of Claim:"

1. What happened to you? Excessive force, harassment
2. When did it happen? Start Nov 20 to ?
3. Where did it happen? 3419 Eminence
4. What injuries did you suffer? Lack of feeling in left ring finger
5. What did defendant personally do, or fail to do, to harm you?
   Nothing at all just kept using physical abuse even after trying to explain to the that I was the victim and the one whom in fact called 911 as I ask the dispatch to remain anonymous due to me receiving my hand out of my cast they opened my door seen a dog walked back out as they seen me ask me to come out trying to explain I was the one whom called They only asked my name and flung me of [sic] my porch leading into a resisting arrest: harassment comes to Sgt. N. Tucker in court doesn't allow me to rest my innocence in the courts after using the rest room [sic] did Sgt. Tucker use physical force in due to unsure his reason of arrest when in fact I was only trying to show Sgt. N. Tucker did not agree to the actions leading into my face being slammed into a mirror only leading up to further and another resisting arrest along with Sgt. N. Tucker harassing me around my home residing close to observation when in fact Im [sic] don't do anything out side [sic] the law.

Doc. [1] at 5-6.

As relief, plaintiff seeks compensatory damages.

## Discussion

As pleaded, the complaint fails to state a viable claim against the named defendant. First, plaintiff is silent as to the capacity under which he is bring this action against defendant. *See Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir. 2007) (quotation omitted) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

3

Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In this case, plaintiff alleges that Sgt. N. Tucker is a St. John, Missouri police officer. Plaintiff's claims against defendant must be interpreted as claims against the municipality of St. John.

A county may be liable for a constitutional violation under § 1983 if the violation resulted from a municipal policy or custom. *Calgaro v. St. Louis Cnty.,* 919 F.3d 1054, 1058 (8th Cir. 2019) (citing *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 694 (1978)). Here, however, plaintiff makes no attempt to specify a municipal policy or custom that was causally linked to any alleged harm. *See id.* (noting plaintiff "never specified a policy or custom that was the moving force behind the alleged violation," and determining that the plaintiff's conclusory assertion that the County acted based upon policy or custom was insufficient to state a claim); *see Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). As such, the complaint fails to state a municipal liability claim as currently plead. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

Even if plaintiff had brought a claim against plaintiff in his individual capacity, plaintiff's claim for excessive force against defendant Tucker would be subject to dismissal as currently plead. Plaintiff states in a conclusory fashion that Sergeant Tucker engaged in excessive force against him on what appears to be two separate occasions. However, the complaint contains no facts that state a plausible claim for relief with respect to these claims of excessive force. For example, plaintiff has not stated the specific dates on which these alleged incidents occurred, the circumstances surrounding each incident, and what occurred both before, during and after the alleged incidents.

As plaintiff was a pretrial detainee during the events alleged in the complaint, his claim is analyzed as brought under the Fourteenth Amendment. The Supreme Court has held the Due Process Clause "protects a pretrial detainee from the use of excessive force that amounts to punishment," and the "appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." *Kingsley v. Hendrickson,* 576 U.S. 389, 397-98 (2015). *See Lombardo v. City of St. Louis, Missouri*, 141 S. Ct. 2239, 2241 (2021) (In analyzing an excessive force claim brought by a pretrial detainee under the Fourteenth Amendment, or by an arrestee under the Fourth Amendment, "courts ask 'whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them.'"). The Eighth Circuit has stated that the determination "turns on the 'facts and circumstances of each particular case," and courts should consider relevant factors such as "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) (citing *Kingsley,* 576 U.S. at 397-98).

In the complaint, plaintiff indicates that he was charged with resisting arrest on both occasions in which he is seeking to accuse Sergeant Tucker of excessive force. Although such a charge does not prohibit plaintiff from bringing an excessive force claim against plaintiff, the facts relating to the resisting arrest charges are important as to how much force was objectively reasonable given the facts and circumstances confronting Sergeant Tucker. As such, plaintiff will be provided an opportunity to amend his complaint to set forth his claims for relief.

Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-

5

established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint

6

"is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff will be given twenty-one (21) days to amend his complaint. His failure to amend in a timely manner may result in a dismissal of this action, without prejudice.

## Motion for Appointment of Counsel

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

At present, the Court is not convinced that plaintiff has stated a non-frivolous claim. Additionally, there is no indication that plaintiff is incapable of representing himself, or that the factual or legal issues are sufficiently complex to justify the appointment of counsel. However, recognizing that circumstances may change, the Court will deny the motion for appointment of

7

counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's civil rights complaint form.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel, Doc. [3], is **DENIED** without prejudice.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 15th day of February, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE